EDWARDS ᴇᴛ ᴀʟ. *v.* STATE

[No. 9, October Term, 1950.]

234

*Decided November 3, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*R. Palmer Ingram* for appellants.

*Kenneth C. Proctor,* Assistant Attorney General with whom were *Hall Hammond,* Attorney General, *J. Bernard Wells,* State's Attorney of Baltimore City, and *Alan H. Murrell,* Assistant State's Attorney, on the brief, for appellee.

MARBURY, C. J., delivered the opinion of the Court.

This is an appeal by two defendants who were convicted in the Criminal Court of Baltimore by Judge France, sitting without a jury. The appellant Nash was found guilty under one indictment charging having in possession and selling lottery tickets, and Edwards was found guilty under the same indictment and also under two other indictments charging making books on races. The sole question is whether evidence obtained from a search of the defendants and their automobile should have been admitted in the trial. It is contended by the appellants that sufficient evidence was not offered to justify the arrest and subsequent search and that such

arrest and search was unreasonable and in violation of the Bill of Rights.

The facts shown by the evidence are that the Baltimore City police were given a description of two white men wanted for a holdup of an East Falls, Virginia, bank. The two men were said to have been apparently headed for Baltimore with about $14,000.00 in cash. On that day, or the following day, Sergeant Disney, a member of the Police Department, received information about 7:45 P. M. that there were two strange men visiting different restaurants in the neighborhood of 31st Street and Greenmount Avenue, exchanging roll coin for currency. The Sergeant came across these two men in a seafood restaurant on Greenmount Avenue, and he said they answered the description given him. He asked Nash if he had exchanged any roll coin and he denied it. Edwards said he had, and asked: "What of it?" and, upon an inquiry from the Sergeant as to where he had gotten it, he replied: "Saved it in a piggy bank." The officer took them both to the station-house, and docketed them for investigation, suspected of an armed holdup. They had a car which was titled in the name of Edwards and which was driven by them, with the officers, to the station-house. Edwards was searched and on his person was found a slip with names and addresses on it and telephone numbers, and $8,566.43 consisting of twenty-four $100.00 bills and a number of 50's, 10's and 5's, and some change. After this search was made at the station-house, the officer asked Edwards for the key to his car and was told: "You have the key; go ahead." Nash also had a number of slips on him which were found by search, and in the car there were found 45 envelopes and 10 pad books used generally in the numbers game. There were also 34-odd cards of lottery race slips for Tuesday and Wednesday on horses that ran at Pimlico, and adding machine ribbons totaling $4,995.00. After this search had been completed, the Sergeant came back into the station-house, and, under the bench where Edwards and Nash had been sitting, he picked up ten more envelopes,

three notebooks, names and numbers corresponding to the first ones, adding machine ribbons totaling $152.00, and race slips.

It does not appear from the record that the appellants were ever charged with the Virginia robbery, and they claim that, as they were arrested without warrant, the searches made were illegal, and the evidence should not have been admitted against them. They raised these questions by appropriate objections and motions, but the court overruled them and admitted the evidence. The specific contention is that there was no sufficient probable cause shown before the court to justify the Sergeant in arresting these appellants for the Virginia robbery. This is based largely on the fact that the State did not produce any written description upon which the officer acted, and that the Sergeant did not testify as to what the description was. It is, of course, well-recognized law that if a felony has been committed, and there are reasonable grounds to suppose that a certain person has committed that felony, he may be arrested and, as a result of that arrest, he may be searched, and such arrest and search are lawful. The appellants do not contest this general statement of the law, but they say that the facts presented as outlined above were not sufficiently strong to warrant a cautious man in believing the appellants were guilty of the Virginia robbery. We are unable to agree with that contention.

The Sergeant said that the two men he found in a restaurant answered the description given him at the roll call in the station. The mere fact that he did not produce any written memorandum affects only the weight of his testimony and not its sufficiency. In the absence of any contradiction, it was sufficient, and this, coupled with the rather unusual circumstances of the exchange of roll coin for bills would certainly justify an officer in thinking that he had the bank robbers. The public would not be adequately protected if, under circumstances such as these, the officer could not act.

We recently had occasion to comment on a somewhat similar situation in the case of *Freedman v. State,* 195 Md. 275, 73 A. 2d 476, where a felony had been committed, there was reason to believe that a certain man and several others were involved, and a car was stopped by the officers in which this man was a passenger. We concluded that there was reasonable ground under these circumstances for the officers to suppose that not only this man, but the driver of the car in which the man was making his escape from the county where the felony had been committed, were both engaged in the felony. We held, therefore, that the arrest of the driver of the car was lawful and consequently the search of his person and of his automobile was also lawful. The driver was not convicted of the felony, but was convicted of receiving stolen goods.

The Supreme Court of the United States in the case of *Brinegar v. U. S.,* 338 U. S. 160, at pages 175-176, 69 S. Ct. 1302, at pages 1310, 1311, 93 L. Ed. 1879, said that the substance of all the definitions of probable cause is a reasonable ground for belief of guilt, and that probable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. The court further said that because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes, but the mistakes must be those of reasonable men. Requiring more than the probable cause would unduly hamper law enforcement, and to allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice. If we apply these observations to the case before us, we think that Sergeant Disney had sufficient ground to justify a reasonable man in acting as he did, and that the evidence produced before the court was sufficient to justify the arrest and search of the appellants. We therefore find that there was no

238

error committed by the court in admitting the evidence obtained from the search, and the judgments will be affirmed.

*Judgments affirmed with costs.*